AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  19-MJ-03834-TORRES |
| ERNESTO PRIETO | ) | |
| a/k/a "CUBITA," and | ) | |
| VACARLO OMEAD HAMILTON, | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____November 13, 2019_____ in the county of _____Miami-Dade_____ in the
_____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846 | Conspiracy to distribute 5 kilos or more of cocaine. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jonathan Corazon, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _Nov. 14, 2019_

_____
*Judge's signature*

City and state:  _____Miami, Florida_____   Hon. Edwin G. Torres, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Jonathan Corazon, Special Agent with the Drug Enforcement Administration, having been duly sworn, state the following:

## INTRODUCTION AND AGENT BACKGROUND

1.     This Affidavit is submitted in support of a criminal complaint against Ernesto PRIETO, a/k/a Cubita, and Vacarlo Omead HAMILTON.

2.     I respectfully submit that there is probable cause to believe that, on or about November 13, 2019, in Miami-Dade County, PRIETO and HAMILTON conspired to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

3.     Your Affiant is employed as a Special Agent of the United States Department of Justice, Drug Enforcement Administration ("DEA"), Miami Field Division, Homestead Resident Office ("RO"), and has been so employed since September 2016.  I have received numerous hours of formal classroom training in the investigation of narcotics and dangerous drugs from the Drug Enforcement Administration Academy in Quantico, Virginia, and from other specialized training courses.  As a result, I am experienced in the means and methods used by persons and drug trafficking organizations to communicate, purchase, transport, store, and distribute drugs, as well as the means and methods used to hide profits generated from those transactions.  I have received training and have experience in the investigation of violations of the federal drug laws, including the offense listed above.

4.     The information set forth in this Affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers.

I have not included in this Affidavit each and every fact known to me about the matters set forth herein, but only those that I believe are sufficient to establish probable cause.

## PROBABLE CAUSE

5.      On or about November 13, 2019, at approximately 12:30 pm, a DEA source of information ("SOI") placed a recorded telephone call to PRIETO and asked PRIETO if he had any cocaine to sell.[1] PRIETO stated that he had about two hundred kilograms (kilos) of cocaine ready to be sold for $28,000 per kilo.  The SOI then told PRIETO that the SOI had a buyer (in reality, a DEA confidential source ("CS")) who was interested in buying about 14 kilos of cocaine.  On or about November 13, at approximately 1:24 pm, PRIETO placed a recorded telephone call to CS and stated that he (PRIETO) had 220 kilos of cocaine. PRIETO also asked CS if they could meet later that same day to complete the transaction.  In consultation with law enforcement, CS agreed to this meeting proposed by PRIETO.

6.      On or about November 13, 2019, at approximately 7:38 pm, in a recorded meeting, CS arrived at PRIETO's business located at 1353 NW 79 Street, Miami, Florida 33147, and met with PRIETO, who stated that he was waiting for another person to arrive.  PRIETO stated that he could obtain more cocaine if the CS wanted to make additional purchases and that he had access to 220 kilos of cocaine.   After waiting approximately 15 minutes, HAMILTON arrived. HAMILTON retrieved a package from the vehicle in which he had arrived and brought that package inside PRIETO's business.  PRIETO provided the CS with a knife to open the package, which contained what appeared to be a kilo of cocaine.  The CS assessed the contents of that package by tasting and smelling it, and determined that it was authentic.  The CS inquired whether

---

[1]      Law enforcement was previously aware of PRIETO as a potential trafficker in cocaine, and had requested the SOI make this call as part of that investigation.

he could obtain an additional 9 kilos of cocaine. HAMILTON stated that he could provide the additional cocaine requested, but that the CS would need to pay for this first kilo before doing so. The CS placed a telephone call to your Affiant and told him that the cocaine was "good." Subsequently, PRIETO and HAMILTON were arrested.

7.    PRIETO and HAMILTON were read their *Miranda* rights in Spanish and English, respectively, and they both agreed to waive their rights. No field test was performed on the cocaine at this time; however, PRIETO acknowledged in his post-*Miranda* statement that the brick did in fact contain "high quality cocaine," and that he could obtain the additional 9 kilos of cocaine as the CS had requested during the meeting. PRIETO stated that he had access to 220 kilos of cocaine. PRIETO informed agents that he was the middle man for the cocaine transaction. PRIETO stated that HAMILTON had supplied the brick of cocaine they intended to sell to the CS that evening. HAMILTON stated that he was also an "intermediary," and that he had been supplied with the cocaine by another individual. HAMILTON stated that he had access to 25-50 kilograms of cocaine through that same supplier. HAMILTON stated that the individual that supplied him with that cocaine expected to be paid $27,000 for the kilo by HAMILTON after HAMILTON sold the kilo.

## CONCLUSION

Based on the foregoing facts and circumstances, your Affiant respectfully submits that there is probable cause to believe that, on or about November 13, 2019, in Miami Dade County, PRIETO and HAMILTON conspired to possess with intent to distribute 5 kilograms or more of a

3

mixture and substance containing a detectable amount of cocaine in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

FURTHER YOUR AFFIANT SAYETH NAUGHT

JONATHAN CORAZON, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me this
_____ day of November, 2019.

EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

4